■ In the Matter of RONALD FRIERSON, Respondent, v NEW YORK CITY PARKING VIOLATIONS BUREAU, Appellant. [657 NYS2d 639] —Order, Supreme Court, New York County (Carol Arber, J.), entered March 5, 1996, which granted the CPLR article 78 petition seeking to reverse and annul the actions of the respondent New York City Parking Violations Bureau in seizing an automobile with license plate number B133NN due to outstanding parking violation judgments against said vehicle, unanimously reversed, without costs, and the petition is dismissed.

As of December 27, 1995, Brenda Vohs was the registered owner of a 1994 Toyota, with New York license plate number B133NN. On that date, the car was seized by respondent New York City Parking Violations Bureau (PVB) because it had outstanding parking violation judgments against it in the amount of $788.85. According to petitioner, he purchased the same car without knowledge of the outstanding judgments. On January 3, 1996, petitioner appeared before PVB with an "Affidavit of Sale of a Motor Vehicle, ATV, Vessel (Boat), or Snowmobile," purportedly to demonstrate his purchase of the vehicle on December 29, 1995, two days *after* the seizure.

The petition should have been dismissed because petitioner

did not have standing to contest the seizure of the automobile. Since motor vehicle records reveal Ms. Vohs as the owner of the Toyota on the December 29 purchase date, and petitioner had not applied for a certificate of title or registration by that date, or by the date he commenced this proceeding, petitioner never established that he owned the car at the time it was seized (see, Vehicle and Traffic Law § 239 [1] [a]; § 2113 [a]-[c]).

Even if petitioner owned the car at the time it was seized, we would find such seizure authorized given the outstanding parking violations against those license plates (Vehicle and Traffic Law § 237 [2], [5]). However, as respondent concedes, the seizure of the car has become moot because respondent mistakenly released the car to petitioner under new license plates, and it is now registered in his name. Respondent's only remedy now is to proceed against the judgment debtor, Ms. Vohs. To the extent the order appealed from could be interpreted to vacate the parking violation judgments against Ms. Vohs, we reverse it. Concur—Murphy, P. J., Wallach, Mazzarelli and Andrias, JJ.